# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 7 |
| Debtors.[1] | (Jointly Administered) |

| | |
|---|---|
| Diamond Comic Distributors, Inc. v. Aspen MLT, Inc. | Adversary Proceeding Number: 25-00236 DER |
| Diamond Comic Distributors, Inc. v. Black Mask Studios | Adversary Proceeding Number: 25-00238 DER |
| Diamond Comic Distributors, Inc. v. Dark Horse Comics, LLC | Adversary Proceeding Number: 25-00240 DER |
| Diamond Comic Distributors, Inc. v. DSTLRY Media, Inc. | Adversary Proceeding Number 25-00242 DER |
| Diamond Comic Distributors, Inc. v. Dynamic Forces, Inc. | Adversary Proceeding Number: 25-00243 DER |
| Diamond Comic Distributors, Inc. v. Heavy Metal Media, LLC | Adversary Proceeding Number: 25-00248 DER |
| Diamond Comic Distributors, Inc. v. Magnetic Press, LLC | Adversary Proceeding Number: 25-00252 DER |
| Diamond Comic Distributors, Inc. v. Massive Publishing, LLC | Adversary Proceeding Number: 25-00253 DER |
| Diamond Comic Distributors, Inc. v. Oni Press, Inc. | Adversary Proceeding Number 25-00255 DER |
| Diamond Comic Distributors, Inc. v. Panini UK, Ltd. | Adversary Proceeding Number 25-00257 DER |
| Diamond Comic Distributors, Inc. v. Alien Books | Adversary Proceeding Number 25-00234 DER |

---

[1] The Debtors in these chapter 7 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

1

| | |
|---|---|
| Diamond Comic Distributors, Inc. v. Titan Comics | Adversary Proceeding Number 25-00258 DER |
| Diamond Comic Distributors, Inc. v. Vault Storyworks, LLC | Adversary Proceeding Number 25-00261 DER |

**MOTION TO DISMISS ADVERSARY PROCEEDING COMPLAINT(S)**

The above-captioned members of the Consignment Group[2] (collectively the "Consignors," and each, individually, a "Consignor"), by and through their undersigned counsel, hereby file this Motion to Dismiss Adversary Proceeding Complaint(s) as identified in the above-captioned adversary proceedings and for cause states as follows:

**Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283, 106 S.Ct. 2932 (1986). The motion should be granted unless the complaint "states a plausible claim for relief." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). In considering a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the non-moving party's favor. *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). However, the court is not obligated to assume the veracity of the legal conclusions drawn from the facts alleged. *Adcock v. Freightliner LLC*, 550 F.3d 369, 374 (4th Cir. 2008) (citing *Dist. 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085–86 (4th Cir. 1979)).

---

[2] The Consignment Group herein are: (i) Aspen MLT, LLC a/k/a Aspen Comics, (ii) Black Mask Studios, LLC, (iii) DSTLRY Media, Inc., (iv) Dynamic Forces, Inc. a/k/a Dynamite Entertainment, (v) Heavy Metal International, LLC, (vi) Magnetic Press, LLC, (vii) Massive Publishing, LLC, (viii) Oni-Lion Forge Publishing Group, LLC f/k/a Oni Press, LLC, (ix) Panini UK Ltd., (x) Punk Bot Comic Books, LLC a/k/a Alien Books, (xi) The Penn State University a/k/a Graphic Mundi, (xii) Titan Publishing Group, Ltd., (xiii) Vault Storyworks, LLC a/k/a Vault Comics f/k/a Creative Mind, and (xiv) Dark Horse Comics, LLC.

2

A complaint is insufficient if it relies upon "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *See Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). The complaint must present "'enough facts to raise a reasonable expectation that discovery will reveal evidence' of the alleged activity." *US Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 317 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). The Complaint(s) typif(ies) the type of pleading ripe for dismissal under Rule 12(b)(6). The Complaint(s) in this case is devoid of any meritorious allegations that might possibly support Plaintiff's claims; thus, this Complaint must be dismissed.

### The Contract(s) is/are Executory in Nature Within § 365 of the Bankruptcy Code

1. Paragraph 1 of the adversary Complaint(s) references the existence of an agreement between the Debtor and the Consignor(s) for the provision of goods for sale on consignment, however the distribution agreement(s) (the "Agreement(s)") is/are not attached to the Complaint(s). The relevant Agreement is attached here and incorporated as "**Exhibit A**."

2. If a document is specifically referenced by the complaint and central to the plaintiff's claim, a court may consider that document as part of the pleadings if it is attached to a defendant's motion attacking the sufficiency of the complaint. *See.;* Wright & Miller, Federal Practice and Procedure ("Wright & Miller") § § 1337, at 762–63. The policy that permits courts consider documents attached by defendant and expressly incorporated into the complaint is to "[p]revent [ ] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Hirata Corp. v. J.B. Oxford & Co.*, 193 F.R.D. 589, 592 (S.D. Ind. 2000)

3. Most courts have adopted the definition of executory contracts articulated by Professor Vern Countryman to be those contracts where the "obligations of both the bankrupt and

3

the other party to the contract are so far unperformed that the failure of either to complete the performance would constitute a material breach excusing the performance of the other." *RCI Tech. Corp. v. Sunterra Corp.* (In re Sunterra Corp.), 361 F.3d 257, 264 (4th Cir. 2004) (quoting Countryman, Executory Contracts in Bankruptcy: Part I, 57 Minn. L. Rev. 439, 460 (1973)).

4. Here, as evidenced by the Agreement(s), prior to rejection, both the Debtors and Consignor(s) have outstanding obligations under the Agreement(s), including but not limited to the Consignors' obligation to ship goods to the Debtor upon request and the Debtor's obligation to properly store the goods and pay the Consignors when the goods are sold to the Debtor's customers.

5. As such, the Agreement is executory in nature within § 365 of the Bankruptcy Code.

### The Agreement Has Been Rejected

6. 11 U.S.C. §365(d)(1) states:

In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

7. The order converting the Debtor's Chapter 11 case to Chapter 7 was entered on December 19, 2025. 11 U.S.C. §348(c), provides that 11 U.S.C. §365(d) "of this title appl(ies) in a case that has been converted under section 1112 of this title, as if the conversion order were the order for relief." Accordingly, the deadline to assume or reject an executory contract in this case was February 17, 2026.

8. The Agreement was not timely assumed, or a motion to extend the deadline to assume or reject by February 17, 2026, and is therefore now conclusively deemed rejected. See Dkt. No. 1171.

**The Agreement Has Been Terminated**

9.      As previously argued to this Court by the Debtor in possession with respect to executory contracts, "[u]nder section 365, rejection constitutes a statutory breach, but does not repudiate or terminate the [Agreement]. The parties must, therefore, resort to state law to determine their rights as a result of the breach," and that "the [Agreement] itself controls the effect of the breach." (Obj. at Dkt. No. 447, ¶¶ 34, 35) (*quoting In re Yasin*, 179 B.R. 43, 50 (Bankr. S.D.N.Y. 1995)).

10.     The Consignor(s) agree(s) that the Agreement itself controls the effect of breach. The Supreme Court in *Mission Product Holdings, Inc. v. Tempnology, LLC*, 587 U.S. 370, 373, 139 S. Ct. 1652, 1658, 203 L. Ed. 2d 876, (2019) has clarified the effect of a rejection of an executory contract is a breach by the Debtor, repudiating the Debtor's further duties under the contract, but it does not terminate the contract. When (rejection) occurs, the debtor and counterparty do not go back to their pre-contract positions. *Id.* at 587 U.S. 370, 381, 139 S. Ct. 1652, 1662. Instead, **_the counterparty_** retains the rights it has received under the agreement. *Id.* As after a breach, so too after a rejection, those rights survive. *Id.* (emphasis added).

11.     In this case, the rights afforded and retained by Consignor(s) as counterparty(ies) under the Agreement include the right of immediate termination of the Agreement for, *inter alia*, non-payment in accordance with the following pertinent provisions:

**10. Termination**

(c)     Notwithstanding Paragraph 10(b) hereof, this Agreement shall immediately terminate, upon receipt of written notice if:

    i.      Buyer fails to abide by the terms of Paragraph 9 within 15 days after receipt of written notification of a violation of Paragraph 9;

    ii.    Buyer fails to pay amounts owed to Seller within the time stated in this Agreement per section 6(a) and such failure continues for more than 15 days after Seller provides written notice to Buyer that such amounts are owing to Seller;

    iii.    Buyer consummates a transaction or series of related transactions which cause the holders of the ownership interests in Buyer as of date of this Agreement to beneficially own less than fifty percent of the voting rights in Buyer; or

    iv.    Either Buyer or Seller files a petition in bankruptcy, is adjudicated a bankrupt, has a petition in bankruptcy filed against it (which is not dismissed within 60 days), becomes insolvent, makes an assignment for the benefit of its creditors or an arrangement pursuant to any bankruptcy law or other similar laws regarding insolvency, discontinues its business, or has a receiver appointed for it or its business, or any similar event has occurred with respect to Buyer or Seller

12.    The Consignor(s) is/are owed an outstanding balance under the Agreement as seen by its/their proof(s) of claim and/or the debt scheduled by the Debtor to which no proof of claim was filed. In addition, Consignors' Objection to Sell Consigned Inventory (Dkt. No.693), Motion to Compel Assumption or Rejection (Dkt. No. 747) and this Motion, all provide at minimum the requisite written notice of such payment default.

13.    As such, the Consignor(s) respectfully submit(s) the Agreement has been terminated by its own terms upon the rejection of the Agreement, which has now conclusively occurred, and the provision of requisite notice of payment default previously having been given, or deemed given not later than 15 days following the filing of this Motion.

<b><u>Termination Vests Title in the Consignor(s)</u></b>

14.    In the event of termination, the Agreement further provides in pertinent part:

**<u>11. Effect of Termination</u>**

d. Except as provided herein, the termination of this Agreement shall not relieve or release any party from any of its obligations existing prior to such termination. **<u>Upon termination of this Agreement, title to all material containing the</u>**

6

**Trademarks, or Seller's copyrights, service marks, or similar rights shall be deemed to have automatically vested in Seller. Unless otherwise agreed to by Seller, Buyer shall immediately deliver such material to Seller, at Seller's cost.** Buyer, at Seller's option, may destroy such material at Seller's cost, and upon such destruction furnish Seller a certificate of destruction satisfactory to Seller and signed by an officer of Buyer. (emphasis added).

15.     Accordingly, title in the consigned goods is now conclusively vested in the Consignor(s), not the Debtor or its bankruptcy estate, thus requiring the dismissal of the Adversary Complaint(s). The adversary complaints are inconsistent with the foregoing and therefore fail to state a claim upon which relief may be granted.

## Waiver of Memorandum of Law

16.     Pursuant to Local Rule 9013-2, the Consignor(s) states that, in lieu of submitting a memorandum in support of this Motion, the Consignor(s) will rely on the grounds and authorities set forth herein.

WHEREFORE, the members of the Consignment Group, and each a Consignor, respectfully request that the Court enter an order (i) dismissing the Adversary Complaint(s) with prejudice and  (ii) for such other relief as this Court deems just and appropriate.

Dated: <u>March 4, 2026</u>

Respectfully submitted,

<u>/s/ Craig M. Palik</u>
Craig M. Palik, Esquire (Bar No 15254)
Justin P. Fasano, Esquire
Janet M. Nesse, Esquire
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770 T: (301) 441-2420
cpalik@mhlawyers.com
jfasano@mhlawyers.com
jnesse@mhlawyers.com

Attorneys for Aspen MLT, LLC, a/k/a Aspen Comics,
Black Mask Studios, LLC,
Dark Horse Comics, Inc
DSTLRY Media, Inc.,
Dynamic Forces, Inc. a/k/a Dynamite Entertainment,
Heavy Metal International, LLC,
Magnetic Press, LLC,
Massive Publishing, LLC,
Oni-Lion Forge Publishing Group, LLC f/k/a Oni Press, LLC,
Panini UK Ltd.,
Punk Bot Comic Books, LLC a/k/a Alien Books,
The Penn State University a/k/a Graphic Mundi,
Titan Publishing Group, Ltd. and
Vault Storyworks, LLC a/k/a Vault Comics f/k/a Creative Mind Energy

**CERTIFICATE OF SERVICE**

   I hereby certify that on March 4, 2026, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the Motion to Dismiss Adversary Complaint(s will be served electronically by the Court's CM/ECF system on the following:

Zvi Guttman zvi@zviguttman.com zviguttman@gmail.com, zviguttman@outlook.com, MD55@ecfcbis.com
Morgan Fisher mwf@morganfisherlaw.com>
Drew Dillworth DDillworth@stearnsweaver.com
Eric Silver esilver@stearnsweaver.com
Matthew Graham <mgraham@stearnsweaver.com
Carmen Veguilla <cveguilla@stearnsweaver.com>

            /s/ Craig M. Palik
            Craig M. Palik